UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:15-cv-0693-GMN-VCF |
| vs. ) | |
| ) | **ORDER** |
| SFR INVESTMENTS POOL 1, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Pending before the Court is the Motion to Dismiss, (ECF No. 10), filed by Defendant Monterosso Premier Homeowners Association ("Monterosso"). Plaintiff Bank of America, N.A. ("BANA") filed a Response, (ECF No. 21), and Monterosso replied, (ECF No. 22).

For the reasons set forth herein, the Motion will be granted in part and denied in part.

**I.    BACKGROUND**

This case arises out of a dispute over the effects of Monterosso's foreclosure on a "super-priority" interest in real property under Nevada Revised Statutes § 116.3116, which was allegedly performed in violation of applicable Covenants, Conditions and Restrictions ("CC&Rs"). (Compl., ECF No. 1).

Specifically, this case centers upon interests held by the parties in real property located at 5339 Altadona Avenue, Las Vegas, Nevada, 89141 (the "Property"). (*Id.* ¶ 7). On July 25, 2005, Andrew and Grace Sachs obtained a loan in the amount of $358,000 that was secured by a Deed of Trust on the Property. (Deed of Trust, ECF No. 1-1).[1] The Deed of Trust was subsequently assigned to BANA on August 22, 2011. (Assignment, ECF No. 1-2).

---

[1] As matters of public record, the Court takes judicial notice of the documents attached to the Complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

On August 23, 2011, Alessi and Koenig, LLC, ("A&K") as trustee for Monterosso, recorded a Notice of Delinquent Assessment Lien against the Property for $1,030. (Notice of Delinquent Assessment Lien, ECF No. 1-3). On February 7, 2012, A&K recorded a Notice of Default and Election to Sell, warning that Monterosso would foreclose on its lien unless the assessment payments were brought up to date. (Notice of Default, ECF No. 1-4).

On December 7, 2012, A&K recorded a Notice of Trustee's Sale, which indicated that the total amount of the unpaid balance owed to Monterosso was $5,470. (Notice of Sale, ECF No. 1-5). On January 9, 2013, Defendant SFR Investments Pool 1, LLC purchased the property at a trustee's sale for $15,800. (Trustee's Deed Upon Sale, ECF No. 1-7).

In the Complaint, BANA alleges that it had requested, in March 2012, that Monterosso identify the amount representing the "super-priority" portion of its lien so BANA could remit payment of that sum. (Compl. ¶¶ 27-28). BANA asserts that Monterosso failed to respond to this request and did not provide any information to otherwise assist BANA in determining the amount of the super-priority interest. (*Id.* ¶ 28). Furthermore, BANA alleges that Monterosso's recorded CC&Rs contain a "mortgage protection clause" which provides that Monterosso's liens are subordinate to senior deeds of trust. (*Id.* ¶ 31).

Based on these allegations, the Complaint sets forth claims against Monterosso for: (1) quiet title/declaratory relief; (2) breach of contract; (3) breach of the covenant of good faith and fair dealing; (4) wrongful foreclosure; (5) breach of Section 116.1113 of the Nevada Revised Statutes; and (6) negligent misrepresentation. (*Id.* ¶¶ 34-93). BANA's claims, with the exception of its claim for quiet title and declaratory relief, center upon the allegation that Monterosso failed to comply with the mortgage protection clause of the CC&Rs, and that it made numerous misrepresentations as to the status of BANA's interest in the Property. *See, e.g.*, (*id.* ¶¶ 53, 58, 60, 67, 68, 75).

In the instant Motion, Monterosso argues that BANA's claims should be dismissed for lack of subject matter jurisdiction.

## II. LEGAL STANDARD

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the court presumes that there is a lack of subject matter jurisdiction unless a plaintiff can prove otherwise in response to a motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994).

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam). However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

## III. DISCUSSION

In its Motion, Monterosso argues that the Court lacks subject matter jurisdiction over this case because BANA has failed to comply with Nevada Revised Statutes § 38.310 by first submitting its claims to mediation before the Real Estate Division of the Nevada Department of Business and Industry ("NRED"). This section provides:

> "No civil action based upon a claim relating to [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property . . . or [t]he procedures used for increasing, decreasing or imposing additional assessments upon residential property, may be commenced in any court in this State unless the action has been submitted to mediation . . . ."

Nev. Rev. Stat. § 38.310(1).  Subsection (2) continues by stating that a "court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." Nev. Rev. Stat. § 38.310(2).

Though BANA states that none of its claims require interpretation of the CC&Rs, this assertion is belied by the Complaint's numerous allegations that BANA is entitled to relief due to Monterosso's failure to adhere to the CC&Rs' requirements.  Indeed, BANA's claim for breach of contract directly asserts that BANA is entitled to damages as a result of Monterosso's violation of the mortgage protection clause contained in the CC&Rs. (Compl. ¶¶ 49-55). Similarly, BANA's claim for breach of the covenant of good faith and fair dealing is premised upon the assertion that Monterosso failed to adhere to the mortgage protection clause's "spirit and intention." (*Id.* ¶¶ 56-62).  Moreover, the remaining claims against Monterosso, with the exception of the quiet title cause of action, each allege that Monterosso violated its duties under the mortgage protection clause or made false representations as to the clause's effect upon BANA's interest in the Property. (*Id.* ¶¶ 67, 76, 84).

Accordingly, as BANA's claims for breach of contract, breach of the covenant of good faith and fair dealing, wrongful foreclosure, breach of Nev. Rev. Stat. § 116.1113, and negligent misrepresentation each rely upon the assertion that the mortgage protection clause was breached or its effect misrepresented, the Court finds that these claims are related to the interpretation and application of the CC&Rs.  Thus, because these claims were not submitted to mediation prior to the filing of this action, the Court lacks subject matter jurisdiction, and will dismiss these claims without prejudice. *See* Nev. Rev. Stat. § 38.310(2).

As to BANA's remaining cause of action against Monterosso, the Nevada Supreme Court has held that claims which "directly relate[] to an individual's right to possess and use his or her property" are exempt from the mediation requirements of Nev. Rev. Stat. § 38.310. *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013).  The Nevada

Supreme Court has applied this exemption to claims for quiet title, but the same reasoning also applies to declaratory relief claims in which a lender seeks to determine the validity of a foreclosure sale conducted by a homeowner association. *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of Nev. Rev. Stat. § 38.310). In this instance, BANA seeks both quiet title and declaratory relief regarding its rights to the Property.[2] Accordingly, the Court finds that this claim is exempt from the mediation requirement of Nev. Rev. Stat. § 38.310, and the Motion to Dismiss will be denied as to this claim.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Monterosso's Motion to Dismiss, (ECF No. 10), is **GRANTED in part and DENIED in part**, pursuant to the foregoing.

**IT IS FURTHER ORDERED** that BANA's claims for breach of contract, breach of the covenant of good faith, wrongful foreclosure, breach of Nev. Rev. Stat. § 116.1113, and negligent misrepresentation **are DISMISSED without prejudice.**

**DATED** this __31__ day of January, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[2] Though Monterosso argues that it does not assert any present claim to the Property, BANA's cause of action, in addition to seeking quiet title, requests a declaration of rights following the trustee's sale, and thus states a valid claim against Monterosso. *See U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) ("Although these Defendants argue that they do not have a present interest in the Property, Plaintiff's claim is structured as either a cause of action for quiet title or for declaratory judgement . . . . As such, the Court finds that the validity of the sale effectuated by NAS at the direction of the HOA remains at issue here.").