**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BANK OF AMERICA, N.A., | ) |
| Plaintiff, | ) Case No.: 2:15-cv-00693-GMN-PAL |
| vs. | ) |
| | ) **ORDER** |
| SFR INVESTMENTS POOL 1, LLC, *et al.*, | ) |
| Defendants. | ) |

Pending before the Court is the Motion for Summary Judgment, (ECF No. 56), filed by Plaintiff Bank of America, N.A. ("BANA"). Defendants SFR Investments Pool 1, LLC ("SFR") and Monterosso Premier Homeowners Association ("HOA" or "Monterosso") (collectively "Defendants") filed Responses, (ECF Nos. 67, 68), and BANA filed Replies, (ECF Nos. 74, 76). Also before the Court is the Motion for Summary Judgment, (ECF No. 59), filed by SFR. BANA filed a Response, (ECF No. 62), and SFR filed a Reply, (ECF No. 73).[1] For the reasons stated herein, the Court **GRANTS** BANA's Motion and **DENIES** SFR's Motion.[2]

**I.    BACKGROUND**

Plaintiff filed its Complaint on April 16, 2015, asserting claims involving the non-judicial foreclosure on real property located at 5339 Altadona Avenue, Las Vegas, NV 89141

---

[1] SFR additionally filed a Counter Motion for Relief Under Federal Rule of Civil Procedure 56(d), in which SFR requests additional time to conduct discovery. As discovery in this action has now completed, the Court denies SFR's Motion as moot. With respect to SFR's broader assertion that BANA must produce the original copy of the note, the Court disagrees. BANA is not seeking to enforce the note in this action; rather, BANA seeks a declaration that its Deed of Trust still encumbers the at-issue property. BANA has produced sufficient documentation to raise its quiet title claim.

[2] Also before the Court are the Motions for Summary Judgment, (ECF Nos. 82, 83, 84), filed by BANA, SFR, and HOA respectively. Each motion has been fully briefed. Upon review, the Court finds that resolution of the prior-filed Motions for Summary Judgment, (ECF Nos. 56, 59), are determinative of the quiet title and declaratory relief issues raised in this case. The Court nonetheless considers the full breadth of briefing in making its ruling.

(the "Property"). (Compl. ¶ 7, ECF No. 1). On July 25, 2005, Andrew and Grace Sachs obtained a loan in the amount of $358,000 that was secured by a Deed of Trust ("DOT") on the Property. (Deed of Trust, ECF No. 1-1).[3] The DOT was subsequently assigned to BANA on August 22, 2011. (Assignment, ECF No. 1-2).

On August 23, 2011, Alessi and Koenig, LLC, ("A&K") as trustee for Monterosso, recorded a Notice of Delinquent Assessment Lien against the Property for $1,030. (Notice of Delinquent Assessment Lien, ECF No. 1-3). On February 7, 2012, A&K recorded a Notice of Default and Election to Sell, warning that Monterosso would foreclose on its lien unless the assessment payments were brought up to date. (Notice of Default, ECF No. 1-4). On December 7, 2012, A&K recorded a Notice of Trustee's Sale, which indicated that the total amount of the unpaid balance owed to Monterosso was $5,470. (Notice of Sale, ECF No. 1-5). Roughly a month later, SFR purchased the property at a trustee's sale for $15,800. (Trustee's Deed Upon Sale, ECF No. 1-7). Based on this foreclosure sale, the parties seek, *inter alia*, a declaration regarding the status of the super-priority interest in the Property.

## II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict

---

[3] As matters of public record, the Court takes judicial notice of the documents attached to the Complaint. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008) (citing *United States v. Shumway*, 199 F.3d 1093, 1103–04 (9th Cir. 1999)). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid

summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id*. at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249–50.

### III. DISCUSSION

BANA argues that the Ninth Circuit decision in *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *cert. denied*, No. 16-1208, 2017 WL 1300223 (U.S. June 26, 2017), requires the Court to declare that the HOA foreclosure sale did not extinguish the DOT because the sale was conducted under an unconstitutional statute. (*See* BANA's MSJ 2:8–15, ECF No. 56).

In turn, Defendants argue that the Nevada Supreme Court's subsequent decision in *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortgage, a Division of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017), overruled *Bourne Valley* and is binding on this Court. (HOA's Resp. 8:14–9:13, ECF No. 67). Alternatively, if the Court accepts *Bourne Valley*, Defendants argue that the Court should uphold the foreclosure sale under the principles of severability and the return doctrine.[4] (SFR's MSJ 3:2–12, ECF No. 59); (HOA's Resp. 12:12–15). Upon review, the Court rejects Defendants' arguments and finds that the

---

[4] Throughout the briefing, the parties raise numerous additional arguments going towards, *inter alia*, the commercial reasonableness of the foreclosure sale, the actual notice BANA received, and BANA's standing. The Court has considered these arguments and finds that they are without merit, inconsistent with *Bourne Valley*, or else moot in light of the Court's Order.

appropriate remedy, consistent with the Ninth Circuit's ruling in *Bourne Valley*, is to declare that BANA's DOT still encumbers the Property.

### A. The Scope and Effect of *Bourne Valley*

In *Bourne Valley*, the Ninth Circuit held that NRS § 116.3116's "'opt-in' notice scheme, which required a homeowners' association to alert a mortgage lender that it intended to foreclose only if the lender had affirmatively requested notice, facially violated the lender's constitutional due process rights under the Fourteenth Amendment to the Federal Constitution." *Bourne Valley*, 832 F.3d at 1156. Specifically, the Court of Appeals found that by enacting the statute, the legislature acted to adversely affect the property interests of mortgage lenders, and was thus required to provide "notice reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1159. The statute's opt-in notice provisions therefore violated the Fourteenth Amendment's Due Process Clause because they impermissibly "shifted the burden of ensuring adequate notice from the foreclosing homeowners' association to a mortgage lender." *Id.*

The necessary implication of the Ninth Circuit's opinion in *Bourne Valley* is that the petitioner succeeded in showing that no set of circumstances exists under which the opt-in notice provisions of NRS § 116.3116 would pass constitutional muster. *See, e.g.*, *United States v. Salerno*, 481 U.S. 739, 745 (1987) ("A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."); *William Jefferson & Co. v. Bd. of Assessment & Appeals No. 3 ex rel. Orange Cty.*, 695 F.3d 960, 963 (9th Cir. 2012) (applying *Salerno* to facial procedural due process challenge under the Fourteenth Amendment). The fact that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Salerno*, 481 U.S. at 745. To put it slightly differently, if there were any conceivable set of circumstances where the application of a statute would not

violate the constitution, then a facial challenge to the statute would necessarily fail. *See, e.g.*, *United States v. Inzunza*, 638 F.3d 1006, 1019 (9th Cir. 2011) (holding that a facial challenge to a statute necessarily fails if an as-applied challenge has failed because the plaintiff must "establish that no set of circumstances exists under which the [statute] would be valid").

Here, the Ninth Circuit expressly invalidated the "opt-in notice scheme" of NRS § 116.3116, which it pinpointed in NRS 116.3116(2). *Bourne Valley*, 832 F.3d at 1158. In addition, this Court understands *Bourne Valley* also to invalidate NRS 116.311635(1)(b)(2), which also provides for opt-in notice to interested third parties. According to the Ninth Circuit, therefore, these provisions are unconstitutional in each and every application; no conceivable set of circumstances exists under which the provisions would be valid. The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions. In fact, it bears noting that in *Bourne Valley*, the Ninth Circuit indicated that the petitioner had not shown that it did not receive notice of the impending foreclosure sale. Thus, the Ninth Circuit declared the statute's provisions facially unconstitutional notwithstanding the possibility that the petitioner may have had actual notice of the sale.

To the extent Defendants argue that NRS § 107.090, which "requires that copies of the notice of default and election to sell, and the notice of sale be mailed to each 'person with an interest or claimed interest' that is 'subordinate' to the HOA's super-priority," is incorporated into NRS Chapter 116 by NRS 116.31168, the Court remains unpersuaded. *Bourne Valley* expressly rejected this argument. *Bourne Valley*, 832 F.3d at 1159 ("If section 116.31168(1)'s incorporation of section 107.090 were to have required homeowners' associations to provide notice of default to mortgage lenders even absent a request, section 116.31163 and section 116.31165 would have been meaningless."). Accordingly, HOA foreclosed under a facially unconstitutional notice scheme, and thus the foreclosure cannot have extinguished the DOT.

**B.  Return to Notice Scheme in 1991 Version of NRS 116.3116 *et seq.***

Notwithstanding the above, SFR argues that the facially-unconstitutional ruling in *Bourne Valley* requires the Court to treat section 116.3116 *et seq*. as if it were never passed and instead apply the prior version of the statute. (*See* SFR's MSJ 3:2–12). Specifically, SFR argues for the application of the 1991 version of the statute, which existed prior to the amendment incorporating the unconstitutional provisions in the 1993 version. (*Id.*). The alleged-notice scheme in the 1991 version of the statute provided: "[t]he association must also give reasonable notice of its intent to foreclose to all holders of liens in the unit who are known to it." A.B. 221, 1991 Nev. Stat., ch. 245, § 104, at 570–71. Based on a retroactive application of the 1991 version, SFR argues that the foreclosure sale passes constitutional scrutiny and extinguishes the DOT.

Nevada law recognizes the theory that a statute may "return" to its prior version upon a ruling of unconstitutionality. *We the People Nevada ex rel. Angle v. Miller*, 192 P.3d 1166, 1176 (Nev. 2008) ("[W]hen a statute is declared unconstitutional, it has no effect and the prior governing statute is revived."). Under federal law, however, courts rely on principles of reasonableness and fairness to determine the effect of a ruling on a statute's constitutionality. *See Chicot Cty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 374 (1940); *Linkletter v. Walker*, 381 U.S. 618 (1965); *Lemon v. Kurtzman*, 411 U.S. 192 (1973).

Here, the Court declines to apply the return doctrine and revive the 1991 version of the statute. In making this ruling, the Court finds persuasive the reasoning of other decisions in this district. *See Nationstar Mortg. LLC v. Giavanna Homeowners Ass'n*, No. 2:15–cv–01992–LDG–CWH, 2017 WL 4248129, at *2 (D. Nev. Sept. 25, 2017) (declining to apply the return doctrine to revive the notice scheme contained in the 1991 version of N.R.S. § 116.31168 because *Bourne Valley* struck down N.R.S. §§ 116.31163(2) and 116.31165(2)(b)—not N.R.S. § 116.31168); *see also Nationstar Mortg. LLC v. Tyrolian Vill. Ass'n, Inc.*, No. 3:17–cv–

00250–LRH–VPC, 2017 WL 5559955, at *4 (D. Nev. Nov. 17, 2017) (declining to apply the return doctrine because it would allow parties to retain benefits under the 1993 version of the statute "while simultaneously avoiding any detriments under the same version of the statute."). Moreover, even to the extent the Court did apply the return doctrine, the 1991 version of the statute poses additional unresolved constitutional concerns. *See* N.R.S. § 116.31168; *see U.S. Bank Nat'l Ass'n v. Thunder Properties Inc.*, No. 3:15–cv–00328–MMD–WGC, 2017 WL 4102464, at *3 (D. Nev. Sept. 14, 2017) (finding the 1991 notice scheme "ripe for constitutional consideration"); *see also Clark v. Martinez*, 543 U.S. 371, 380–81 (2005) (stating that courts should construe statutes so as to avoid constitutional infirmities). The Court therefore declines to apply the 1991 version of the statute to the instant case.

### C. Severability

Defendants further argue that the Court should sever the unconstitutional provisions of NRS 116 and enforce the remaining statute. (*See, e.g.*, HOA's Resp. 12:12–15). This approach, however, would leave the statute without any notice provision. The absence of a notice requirement would raise additional constitutional due process challenges, which is "inconsistent with established precedent holding that courts ought to construe statutes so as to avoid constitutional infirmities." *See PNC Bank, N.A. v. Wingfield Springs Cmty. Ass'n*, No. 3:15–cv–00349–MMD–VPC, 2017 WL 4172616, at *4 (D. Nev. Sept. 20, 2017) (denying defendants' severability argument based on potential due process issues).

### D. Quiet Title and Declaratory Relief

Based on the foregoing, the Court finds that the HOA foreclosed under a facially unconstitutional notice scheme, and thus the foreclosure cannot have extinguished the DOT. The Court therefore finds that the sale of the Property remains intact, but the Property remains subject to BANA's DOT. The Court grants summary judgment against Defendants and in favor of BANA on the declaratory relief and quiet title claims. With regard to BANA's request

for a preliminary injunction pending a determination by the Court concerning the parties' respective rights and interests, the Court's grant of summary judgment for BANA moots this claim, and it is therefore dismissed.[5]

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that BANA's Motion for Summary Judgment, (ECF No. 56), is **GRANTED** consistent with the foregoing.

**IT IS FURTHER ORDERED** that BANA's Motion for Summary Judgment, (ECF No. 82), is **DENIED as moot**.

**IT IS FURTHER ORDERED** that SFR and HOA's Motions for Summary Judgment, (ECF Nos. 59, 83, 84), are **DENIED.**

**IT IS FURTHER ORDERED** that SFR's Motion for Relief Under Rule 56(d), (ECF No. 69), is **DENIED**.

**IT IS FURTHER ORDERED** that the Motions to Stay, (ECF Nos. 57, 61), are **DENIED**.

The Clerk of Court shall enter judgment accordingly and close the case.

**DATED** this __6__ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[5] BANA's other asserted claims were previously dismissed in the Court's prior Order. (See Order, ECF No. 25).